# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:14-cr-0407-KJD-PAL |
| Plaintiff, | **ORDER** |
| v. | |
| JONATHAN FERNANDO VEGA-CRUZ, | |
| Defendant. | |

Before the Court is defendant Jonathan Vega-Cruz's Petition for Writ of Certiorari under Johnson v. United States (ECF No. 68), which the Court construes as a petition to vacate or correct a sentence under 28 U.S.C. § 2255. The Court has not ordered a response from the government and finds that a response is not warranted.

Vega-Cruz moves to reduce his sentence under Johnson v. United States, which invalidated the residual clause of the Armed Career Criminal Act ("ACCA") of 18 U.S.C. § 924(e)(2)(B)(ii). 135 S.Ct. 2551 (2016). Vega-Cruz appears to argue that the Court impermissibly applied the categorical approach to enhance his sentence because he possessed a firearm in the commission of a crime of violence. Mot. for Writ 2, ECF No. 68. However, Vega-Cruz's sentence was not enhanced because he committed a crime of violence. His sentence was enhanced because he possessed a firearm during the commission of a drug trafficking crime. Title 18 U.S.C. § 924(c)(1)(A) enhances the sentence of an offender who possesses a firearm during the commission of a crime of violence *or* drug trafficking offense. Vega-Cruz was convicted of conspiracy to distribute a controlled substance, a drug trafficking offense under 21 U.S.C. § 841(a)(1). Because Vega-Cruz's sentence does not implicate the definition of "crime of violence" under the ACCA's residual clause, Johnson does not apply. Therefore, the Court denies his motion to vacate or correct his sentence.

Additionally, Vega-Cruz has not made the necessary showing to warrant a certificate of appealability. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (certificate of appealability only available where "reasonable jurists could debate whether" defendant suffered a constitutional deprivation). Reasonable jurists would not debate whether Vega-Cruz suffered a constitutional deprivation in this case. Thus, the Court denies a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that Jonathan Fernando Vega-Cruz's Motion for Writ (ECF No. 68), which the Court construes as a motion for relief under 28 U.S.C. § 2255 is **DENIED**.

IT IS FURTHER ORDERED that the Court **DENIES** Vega-Cruz a certificate of appealability.

Dated this 3rd day of December, 2019.

_____
Kent J. Dawson
United States District Judge